EXHIBIT "2"

RE: William Wallace v. Stanley Mourton and Alton Bean Trucking , Inc       AT1298913

Aaron Mutnick   to: Chandler Loupe       10/19/2016 04:35 PM
Cc: APool, Jordan Reid

Chandler:

The company listed in the Declarations doesn't exist and really is irrelevant to this case because the truck was owned and driven by Stanley Mourton and he is the only person who received compensation for driving the truck. So Stanely Mourton is the proper defendant and the person who you want to be covered under S&L Trucking LLC's policy. But on page 2 of 10 of the Motor Carrier Coverage Form you can see that Mr. Mourton is not an insured. Here is the pertinent language:

### SECTION II – COVERED AUTOS LIABILITY COVERAGE
**A. Coverage**
We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto"....
\*\*\*

1. **Who Is An Insured**
    The following are "insureds":
    a. You for any covered "auto".
    b. Anyone else while using with your permission a covered "auto" you own, hire or borrow except:
        (1) The owner or any "employee", agent or driver of the owner, or anyone else from whom you hire or borrow a covered "auto".
        (2) Your "employee" or agent if the covered "auto" is owned by that "employee" or agent or a member of his or her household.

I trust this is a sufficient explanation and more than warrants accepting the high-low as originally proposed. I have assigned this case to Aaron Pool, coverage counsel copied hereto. Even though I've incurred some expense with Mr. Pool already I would prefer to avoid the further expense of a Dec Action and so I'd be willing to increase the high to $115,000. If this is acceptable please "reply all" so that I can have Mr. Pool spend his time on drafting the high-low agreement as opposed to the Dec Action.

Sincerely,


Aaron M. Mutnick
Litigation Attorney
Shelter Insurance
573-214-4163 (office)


Chandler Loupe      It lists is company as the insured, and did not se...      10/18/2016 10:46:00 AM

**From:** Chandler Loupe <Chandler@getgordon.com>
**To:** Aaron Mutnick <AMutnick@ShelterInsurance.com>
**Date:** 10/18/2016 10:46 AM
**Subject:** RE: William Wallace v. Stanley Mourton and Alton Bean Trucking, Inc   AT1298913

It lists is company as the insured, and did not see any exclusion for the owner of the company and I thought, probably incorrectly that was our issue, when you get back in town, I need you to explain it better to me, my client is ok with a high low, but asked me to increase it to 150 and keep the low as is, subject to me explaining the coverage issue to him in more detail.

J. Chandler Loupe
Attorney
**Gordon McKernan Injury Attorneys**
225.767.2222
www.getgordon.com

**From:** Aaron Mutnick [mailto:AMutnick@ShelterInsurance.com]
**Sent:** Tuesday, October 18, 2016 10:42 AM
**To:** Chandler Loupe <Chandler@getgordon.com>
**Subject:** Re: William Wallace v. Stanley Mourton and Alton Bean Trucking, Inc AT1298913

I'm out of the office and don't have the policy in front of me but I believe you should look at the section defining who is an insured rather than exclusions.

Sent from my iPhone

On Oct 18, 2016, at 10:33 AM, Chandler Loupe <Chandler@getgordon.com> wrote:
> Aaron, I do not see an exclusion for the owner of the company under this possible, can you point out the language you contend would exclude coverage in this matter so I can explain it better to my client.
>
> J. Chandler Loupe
> Attorney
> **Gordon McKernan Injury Attorneys**
> 225.767.2222
> www.getgordon.com
>
> **From:** Aaron Mutnick [mailto:AMutnick@ShelterInsurance.com]
> **Sent:** Thursday, August 25, 2016 1:39 PM
> **To:** Chandler Loupe <Chandler@getgordon.com>
> **Cc:** eric@cooper-law-firm.com
> **Subject:** RE: William Wallace v. Stanley Mourton and Alton Bean Trucking, Inc AT1298913
>
> The policy is attached. Are you guys going to call this afternoon?
>
> Sincerely,

Aaron M. Mutnick
Litigation Attorney
Shelter Insurance
573-214-4163 (office)

From: Chandler Loupe <Chandler@getgordon.com>
To: Aaron Mutnick <AMutnick@ShelterInsurance.com>, "eric@cooper-law-firm.com" <eric@cooper-law-firm.com>
Date: 08/25/2016 01:19 PM
Subject: RE: William Wallace v. Stanley Mourton and Alton Bean Trucking, Inc    AT1298913

Surgery is for a repair of the Labrum, as you suggested, Can you send me the policy of insurance that would apply to the driver of the vehicle, I think the only one I have is for the owner of the trailer.

**J. Chandler Loupe**
Attorney
**Gordon McKernan Injury Attorneys**
225.767.2222
www.getgordon.com

**From:** Aaron Mutnick [mailto:AMutnick@ShelterInsurance.com]
**Sent:** Tuesday, August 16, 2016 11:35 AM
**To:** eric@cooper-law-firm.com; Chandler Loupe <Chandler@getgordon.com>
**Subject:** Re: William Wallace v. Stanley Mourton and Alton Bean Trucking, Inc AT1298913

Eric and Chandler:

What are your thoughts?

Aaron

Sent from my iPhone

On Aug 9, 2016, at 4:15 PM, Aaron Mutnick <AMutnick@ShelterInsurance.com> wrote:

Eric and Chandler:

I have reviewed the medical bills and records you have provided for William Wallace.

There is approximately $19,200 in paid or incurred medical bills. This number will likely go up some when the $4,601 Wadley RMC charge from July 26, 2016 is processed by Mr. Wallace's health care provider. I am not including a $6,445 MRI to his shoulder from October 23, 2015 as that appears related to one of his three prior shoulder surgeries. There are a few other unrelated office visits (gout in foot) that *are* included but those are nominal.

I propose a $105,000 (high) and $25,000 (low) settlement agreement and a dismissal with prejudice of Defendant Alton Bean Trucking, Inc. (Mr. Wallace would be releasing Stanley Mourton as well as whatever entity, if any, that Mr. Mourton may be attempting to operate as- we can figure that out later).

The low guarantees that Mr. Wallace can reimburse his health care insurer dollar for dollar without incurring any additional litigation expenses and have additional monies leftover. The high is over five times the paid or incurred amount, and is only that high because you have indicated that Mr. Wallace would only agree to a "six figure" high. If Mr. Wallace believes that an East Texas federal jury will award a total verdict more than five times the paid or incurred medical expenses (especially in light of the medical records I have excerpted below) then please give me a call to discuss the basis for that position. Finally, the dismissal of prejudice also guarantees that Shelter and Mr. Wallace won't have to litigate any declaratory judgment actions.

I understand that a narrative is forthcoming from Dr. Moore. I suspect that Dr. Moore will opine that this accident caused an acetabular labral tear at the right hip which will necessitate right hip arthroscopy. Based on the medical records that I have excerpted below I don't need to see that narrative. These records below also highlight why the $25,000 low end of the settlement agreement is more than generous.

After you have had a chance to review and visit with Mr. Wallace please give me a call or send me an email to let me know your response to this proposal.

**Records Review**
- An MRI of Mr. Wallace's pelvis on June 3, 2015 showed femoroacetabular impingement and left hip early degenerative joint disease. Both degenerative conditions. Because there was no objective finding to support Mr. Wallace's injury Dr. Kahn referred Mr. Wallace to Dr. Moore because he is "an othro that does mva cases due to the mri results of pelvis."
- 
- 
- 
- Dr. Moore then saw Mr. Wallace a few weeks later on June 29, 2015, 10 months after the accident, and likewise identified degenerative conditions as the only cause of his pain. He did not opine at that time that Mr. Wallace's pain was caused by an acetabular labral tear at the right hip.
- 
- 
- 
- 
- After Mr. Wallace's first visit to Dr. Moore, Mr. Wallace tells Dr. Rosenzweig in August 2015 that he plays softball.
- 
- 
- Mr. Wallace then develops a small disc protrusion at L5-S1 after he has been playing softball. This protrusion did not exist immediately after the accident. You can see this by comparing the MRI of the lumbar spine on October 2, 2014 which showed "no evidence of

      traumatic injury, disc protrusion, or spinal stenosis" with the MRI from November 13, 2015 which shows the small protrusion along with degenerative changes.

- 
- 
- Mr. Wallace's other treating physician Dr. Rosenzweig repeatedly found "no objective findings on any of his diagnostics" and repeatedly admonished Mr. Wallace on drug use:
- 
- 
- 
- 
- Dr. Moore's revised finding on July 12, 2016- that Mr. Wallace has an an acetabular labral tear at the right hip- is not based on any new objective tests; it is after this lawsuit was filed; and, more importantly, does not attribute the tear to an acute injury. Dr. Moore could have related the tear to this accident in 2015 or after this lawsuit was filed in 2016 but refused to do so.
- 
- 
- 
- Mr. Wallace acknowledges in his medical records that the impact was at low speeds less than 10 mph.
- 
- 
- 
- Mr. Wallace's ailments are likely compounded by his pre-existing BMI of 34.

Sincerely,

Aaron M. Mutnick
Litigation Attorney
Shelter Insurance
573-214-4163 (office)